United States District Court
Southern District of Texas
**ENTERED**
December 01, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DENNIS WAYNE GREER, JR., a/k/a DENNIS WAYNE GREEN, § § § *Plaintiff,* § § v. § § HARRIS COUNTY SHERIFF'S § OFFICE, *et al.*, § § *Defendants.* § | Civil Action No. H-21-2367 |

**MEMORANDUM OPINION AND ORDER**

Dennis Wayne Greer, Jr., a/k/a Dennis Wayne Green, proceeding *pro se* and *in forma pauperis*, filed a complaint and an amended complaint under 42 U.S.C. § 1983 for unlawful arrest, detention, and criminal prosecution. Plaintiff was a Harris County prisoner and pretrial detainee at the time of filing. He named as defendants "the Harris County Sheriff's Dept. and its Agents, the State of Texas and its Agents, and the United States of America and its Agents, [via] The White House." (Docket Entries No. 1, 8.) The Court dismissed plaintiff's habeas claims without prejudice and stayed his civil claims pending disposition of his state criminal charges pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).

Pending before the Court is plaintiff's motion to lift the stay and to proceed with his civil claims. (Docket Entry No. 9.) In compliance with the Court's order, plaintiff also filed a more definite statement of the facts supporting his claims. (Docket Entry No. 11.)

Having considered the motion, the more definite statement, the amended complaint, the record, matters of public record, and the applicable law, the Court **GRANTS** the motion to lift the stay. Having lifted the stay, the Court **DISMISSES** this lawsuit for the reasons shown below.

## I. BACKGROUND AND CLAIMS

At the time he filed this lawsuit, plaintiff was in custody of the Harris County Sheriff's Office awaiting trial on five felony and misdemeanor charges for theft of property, violation of a protective order, injury to an elderly person, interference with an emergency telephone call, and interference with the duties of a public servant.

Plaintiff claimed that the criminal charges and pretrial detentions were unconstitutional and that his warrantless arrests lacked probable cause. Plaintiff sought monetary compensation, a declaratory judgment, and permanent injunctive relief to enjoin the defendants from violating his constitutional rights. Because the criminal charges were still pending at the time, the Court stayed the lawsuit pursuant to *Heck*.

Plaintiff now seeks to lift the stay and reinstate his lawsuit. In support, he states that he pleaded guilty to a lesser-included offense and was sentenced to time served, and that the other charges were dismissed. Plaintiff contends that his civil claims are no longer barred by *Heck* and that he is entitled to proceed to trial.

## II. ANALYSIS

A.  *Heck* Bar

Plaintiff seeks monetary compensation, a declaratory judgment, and injunctive relief as to his allegedly unlawful arrests, detentions, convictions, and criminal prosecutions.

A prisoner's claim for monetary damages in an action challenging the validity of his confinement and/or conviction are generally barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, to recover damages based on allegations of unlawful detention or imprisonment, a prisoner must prove that the confinement or conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Id.*, 512 U.S. at 486–87. Thus, a plaintiff in a section 1983 lawsuit cannot recover monetary damages or declaratory and injunctive relief unless he alleges and shows that the challenged confinement or conviction has been invalidated, set aside, or otherwise declared unconstitutional. *See, e.g., Mann v. Denton County*, 364 F. App'x 881, 883 (5th Cir. 2010) (per curiam).

Public online criminal court records for the Harris County District Clerk's Office indicate that plaintiff pleaded guilty to two of the five charges and that the remaining three charges were dismissed predicated on plaintiff's guilty pleas in the other two cases. Specifically, the criminal court records show as follows:

(1) On May 27, 2021, plaintiff pleaded guilty to violation of a protective order and was sentenced to ninety days in county jail. *State v. Greer*, Case No. 2353862 in the County Criminal Court at Law No. 3 of Harris County, Texas.

On that same date, the charges for interference with the duties of a public servant were dismissed by the State, premised on plaintiff's conviction in the above case. *State v. Greer*, Case No. 2338369 in the County Criminal Court at Law No. 3 of Harris County, Texas.

On that same date, the charges for theft of property were also dismissed by the State, premised on plaintiff's conviction in Case No. 2353862. *State v. Greer*, Case No. 2271348 in the County Criminal Court at Law No. 3 of Harris County, Texas.

(2) On August 5, 2021, plaintiff pleaded guilty to assault of a family member and was sentenced to one year in county jail. *State v. Greer*, Case No. 1714486 in the 230th District Court of Harris County, Texas.

On that same date, the charges for interference with an emergency request for assistance were dismissed by the State, premised on plaintiff's conviction in the above case. *State v. Greer*, Case No. 2349362 in the County Criminal Court at Law No. 3 of Harris County, Texas.

Plaintiff cannot pursue his section 1983 claims as to the two convictions, as he does not show that they have been invalidated, set aside, or otherwise declared unconstitutional. Thus, those claims remain barred by *Heck*. Plaintiff fares no better under *Heck* as to the three dismissed criminal charges. Although the charges were dismissed without a trial, the criminal court records show that the State dismissed the charges based on plaintiff's guilty pleas in the other two cases, and not on the merits of the charges or for lack of probable cause.

Plaintiff fails to show that any charges or arrests were dismissed for lack of probable cause or on the merits of the criminal allegations, and his claims remain barred by *Heck*. Although plaintiff asserts in his more definite statement that his conviction in Case No. 1714486 was invalidated, reversed, or set aside on August 4, 2021, public online records for the Harris County District Clerk's Office show that plaintiff was *convicted* in that case on August 5, 2021. That plaintiff may have pleaded guilty to a lesser-included offense in that case does not negate the *Heck* bar.

Plaintiff further fails to show that his arrests in any of the dismissed cases were expunged or otherwise set aside, and his claims for relief premised on lack of probable cause remain barred by *Heck*. Plaintiff provides no factual allegations supporting his claims that the warrantless arrests lacked probable cause. To the contrary, plaintiff states in his more definite statement that his arrests lacked probable cause because, "[i]f investigations were properly handled, charges wouldn't have been filled [*sic*]." (Docket Entry No. 11, p. 4.) This assertion does not demonstrate lack of probable cause as to his arrests or prosecution.

Plaintiff's claims for monetary damages and declaratory and injunctive relief as to his arrests, pretrial detentions, convictions, and dismissals of certain charges remain barred by *Heck*, and the claims are **DISMISSED WITH PREJUDICE** to being asserted again until the *Heck* conditions are met.

B.  <u>Retaliation</u>

Plaintiff contends that he was arrested and criminal charges were brought against him in retaliation for his exercise of his constitutional rights and for civil litigation involving his mother. He further contends that the State's actions were influenced by his mother and his defense counsel.

The Court ordered plaintiff to provide a more definite statement of the facts supporting these claims. In response, he stated, "[m]ental anguish, mental discrimination, personal vendetta, hate crime, lost/wages [sic] investments, I stated this on Face Book Live last year." (Docket Entry No. 11, p. 2.) He further stated, "[m]y mother used to work for the municipal courts located at 1400 Lubbock in 1996," "[i]f investigations were done properly civil litigations [sic], wouldn't have been filed," and "I was charged in retaliation, of reporting crimes to jail officers." *Id.*, pp. 2–3.

These responses do not plead factual allegations sufficient to raise a viable claim for retaliation. To prevail on a retaliation claim in context of an arrest, a plaintiff must generally plead and prove the absence of probable cause for the arrest. *See Nieves v. Bartlett*, ___ U.S. ___, 139 S. Ct. 1715, 1725 (2019) ("Absent [a lack of probable cause], a retaliatory arrest claim fails."). Plaintiff fails to plead factual allegations sufficient to raise a viable claim for retaliatory arrest or retaliatory prosecution.

Plaintiff was provided opportunities to plead viable claims in his amended complaint and more defendant statement, and the Court is of the opinion that he has pleaded his best case. Plaintiff's claims for retaliation are **DISMISSED WITH PREJUDICE.**

C. <u>Harris County Sheriff's Office "Agents"</u>

In addition to various state entities, plaintiff collectively named as defendants "agents" of the Harris County Sheriff's Office. The nature of any legal claims against them was unclear. The Court asked plaintiff to identify by name and title each such "agent" being named as a defendant. In response, plaintiff stated, "Harris County Sheriff's [illegible] Team, Harris County Sheriff's patrol officers, Harris County Sheriff's patrol official, Harris County Sheriff grievance department." (Docket Entry No. 11, p. 6.) Plaintiff failed to identify by name and title any individual being named as a defendant, and no "agents" of the Harris County Sheriff's Office have been named as defendants.

The Court further asked plaintiff to state relevant facts supporting his claims against the agents. In response, plaintiff stated, "[m]ental anguish, mental discrimination, hate crime, personal vendetta, lost wages/investments/inheritance." *Id.* These are not factual allegations raising or supporting a viable claim for which relief can be granted under section 1983. Thus, even assuming plaintiff had identified actual agents, no viable claim for relief is raised against them. Plaintiff was provided opportunities to plead viable claims in his amended complaint and more defendant statement, and the Court is of the opinion that he has pleaded his best case.

Plaintiff's claims against agents of the Harris County Sheriff's Office are **DISMISSED WITH PREJUDICE** for failure to raise viable claims for relief against them.

D. <u>State of Texas "Agents"</u>

Plaintiff also named as defendants "agents" of the State of Texas. In his more definite statement, plaintiff identified these agents as "Kim Ogg, Chris Morton, Tiffany Persaud, Dorian Cotlar, Harris County Sheriff's Office and its Agents." (Docket Entry No. 11, p. 7.) The Court asked plaintiff to state relevant facts supporting his claims against these alleged agents. In response, plaintiff stated, "[m]ental discrimination, lost wages/investments, inheritances, personal vendetta." *Id*. These are not factual allegations raising or supporting a viable claim for which relief can be granted under section 1983. Plaintiff was provided opportunities to plead viable claims in his amended complaint and more defendant statement, and the Court is of the opinion that he has pleaded his best case.

Plaintiff's claims against agents of the State of Texas are **DISMISSED WITH PREJUDICE** for failure to raise viable claims for relief against them.

E. <u>The United States of America "Agents"</u>

Plaintiff additionally named as defendants "agents of the United States of America, The White House, 1600 Pennsylvania Avenue NW, Washington, DC 20500." In his more definite statement, plaintiff identified these agents as "Excluding bitcoin, Nathan Oschner, Bob Casey, and Mark Ellison, Diana K. Davis and include everyone in and out of the United States of America, in possession of a social security number including all businesses, LLCs

and corporations from and in the United States of America." (Docket Entry No. 11, p. 8.) The Court asked plaintiff to state relevant facts supporting his claims against these alleged agents. In response, he stated, "[m]ental anguish, mental discrimination, personal vendetta, Hate Crime, Lost Wages/Investments, and personal property including inheritances." *Id.* These are not factual allegations raising or supporting a viable claim for which relief can be granted under section 1983. Plaintiff was provided opportunities to plead viable claims in his amended complaint and more defendant statement, and the Court is of the opinion that he has pleaded his best case.

Plaintiff's claims against agents of the United States of America are **DISMISSED WITH PREJUDICE** for failure to raise viable claims for relief against them.

### III. CONCLUSION

Plaintiff's motion to lift the stay and to proceed with his civil claims (Docket Entry No. 9) is **GRANTED**. This case is **DISMISSED WITH PREJUDICE** for failure to state a viable claim for relief and to being asserted again until the *Heck* conditions are met. Any and all pending motions are **DENIED AS MOOT**.

This dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g).

Signed at Houston, Texas, on this the 29 day of November, 2021.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

9